**ACCEPTANCE INSURANCE COMPANY, Plaintiff,**

v.

**JEDJO, INC., et al., Defendants.**

**Civ. A. H–95–1100.**

United States District Court, S.D. Texas.

Sept. 20, 1995.

George T. Jackson, Bush & McCaffrey, Houston, TX, for plaintiff Acceptance Ins. Co.

Lauren Margaret Serper, Houston, TX, for defendants Jedjo Inc., Marc Deidrich.

Stewart W. Forbes, Forbes & Forbes, El Paso, TX, for defendants Willie Newberry, Individually and for the Estate of Marvin Newberry, Lacy Newberry, Individually and for the Estate of Marvin Newberry.

OPINION ON DECLARATORY JUDGMENT

HUGHES, District Judge.

### 1. Introduction.

A patron died after two of the bar's bouncers beat him. The patron's parents sued the bar for intentional tort, negligent tort, and liquor law violations. The bar's insurer refuses to defend because liability for battery and liquor are excluded in the policy. Every claim raised in the suit stems from the bouncers' intentional act of beating the patron. Without this battery, there would be no lawsuit. Because the negligence claims arise from the battery, the suit falls within the policy exclusions, and the insurer has no duty to defend.

### 2. Background.

In late 1993, Marvin Newberry went to the Lamplighter Lounge, a bar in El Paso, and drank at least five drinks. After Newberry hugged one of the bar's dancers, a bouncer jostled him out the door. Newberry came back shortly with a pellet pistol, and two bouncers jumped him. The bouncers struck Newberry in the face, stomach, and back while getting him in a choke hold face down on the ground. After Newberry was under control on the ground, the bouncers continued to pull his head back, making it difficult to breathe. This continued until the police arrived. Instead of taking Newberry to a hospital, the police took him to the police station. Newberry died at the station.

Newberry's parents sued Jedjo, Inc., owner of the Lamplighter Lounge, among others claiming they were liable for assault and battery, negligence, and serving alcohol to an obviously intoxicated person. Acceptance Insurance Company refuses to defend Jedjo because the insurance policy excludes claims arising out of assault, battery, and the business of serving or selling of liquor.

### 3. Claims Arising from Assault.

An insurer is required to defend only those cases within its policy coverage. Before tendering a defense, the insurer may rely on the complaint to determine whether the incident is within its coverage. If the complaint alleg-

es only facts excluded by the policy, the insurer has no duty to defend.

 The insurer's policy excludes "bodily injury, including death, ... arising out of assault and/or battery...." Along with battery, the Newberrys accuse Lamplighter of negligence in hiring, training, and supervising its employees. Claims of negligence will "arise out of assault" if the plaintiffs would not have brought the lawsuit without the assault. Here, each negligence claim stems from the bouncers' intentional act of beating Newberry. The Newberrys would never have raised these claims about the hiring practices at the Lamplighter absent the beating of their son. Because each negligence claim arises out of this battery, the exclusion applies, and the insurer has no duty to defend. *Heyden Newport Chemical Corp. v. Southern General Ins. Co.,* 387 S.W.2d 22 (Tex.1965); *Garrison v. Fielding Reinsurance, Inc.,* 765 S.W.2d 536 (Tex.App.—Dallas 1989, writ denied); *Acceptance Ins. Co. v. Walkingstick,* 887 F.Supp. 958 (S.D.Tex. 1995).

 The policy also excludes

bodily injury ... arising out of ... any act or omission in connection with the prevention or suppression of [assaults] whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

This clause expressly excludes negligent hiring, training, and supervising the bouncers because these claims are connected to the prevention of assaults.

### 4. *Claims Arising Out of Serving Alcohol.*

 The insurer's policy excludes liability coverage of claims arising out of "the business of ... selling or serving alcoholic beverages." The Newberrys claim that Lamplighter Lounge negligently served alcohol to their obviously intoxicated adult son, which made him dangerous to himself and others. Because this claim stems from Lamplighter's business of serving and selling alcohol, the liquor liability claim excludes coverage, and the insurer has no duty to defend. *Gomez v. Hartford Co.,* 803 S.W.2d 438 (Tex.App.—El Paso 1991, writ denied); *Acceptance Ins. Co.*

*v. Walkingstick,* 887 F.Supp. 958 (S.D.Tex. 1995).

### 5. *Conclusion.*

Because the facts pleaded by the Newberrys clearly describe an event excluded from the policy's coverage, Acceptance Insurance Company has no duty to defend Lamplighter against their suit.