**CENTURY SURETY COMPANY,**
**Plaintiff,**

v.

**GLEN WILLOWS, INC., and Becky Mooneyham, Defendants.**

**Civil A. No. H–95–4054.**

United States District Court,
S.D. Texas,
Houston Division.

April 11, 1996.

J. Preston Wrotenbery, Houston, Texas, for Plaintiff.

Gregory D. May, Dallas, Texas, for Defendants.

OPINION ON DECLARATORY JUDGMENT

HUGHES, District Judge.

1. *Background.*

Dora Cabrera and Victoria Diaz lived at the Houston Stratford Apartments, which

are owned by Becky Mooneyham and Glen Willows, Inc. In early 1993, an intruder entered Cabrera and Diaz's apartment, robbed, and sexually assaulted them. They sued Mooneyham and Glen Willows for negligence in not providing adequate security or training, negligent investigation of other assaults in the area, and for violations of the Texas Deceptive Trade Practices–Consumer Protection Act. Century Surety refuses to defend or indemnify Mooneyham and Glen Willows in the underlying suit because the insurance policy excludes claims arising out of assault and the failure to prevent an assault.

2. *Claims Arising from Assault.*

■ An insurer is required to defend only those cases within its policy coverage. Before tendering a defense, the insurer may rely on the complaint to determine whether the incident is within its coverage. If the complaint alleges only facts excluded by the policy, the insurer has no duty to defend. *Acceptance Ins. Co. v. Jedjo*, 897 F.Supp. 978, 979–80 (S.D.Tex.1995); *Acceptance Ins. Co. v. Walkingstick*, 887 F.Supp. 958 (S.D.Tex.1995).

■ The insurer's policy excludes "bodily injury ... arising out of ... the actual or threatened assault or battery ..." Claims of negligence will "arise out of assault" if the plaintiffs would not have brought the lawsuit without the assault. Here, each negligence claim in the underlying suit stems from the intruder's assault of Cabrera and Diaz. They would never have raised these negligence claims but for the assault. Because each negligence claim arises out of assault, the exclusion applies, and the insurer has no duty to defend. *Acceptance Insurance Co. v. Jedjo*, 897 F.Supp. at 980; *Acceptance Ins. Co. v. Walkingstick*, 887 F.Supp. at 962; *Heyden Newport Chemical Corp. v. Southern General Ins. Co.*, 387 S.W.2d 22 (Tex.1965); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Tex.App.—Dallas 1989, writ denied).

The policy also excludes "bodily injury ... arising out of ... [the] failure to suppress or prevent [assault or battery] by the insured or by anyone else for whom the insured is legally responsible ..." This clause expressly excludes claims connected to the prevention of assaults. Cabrera and Diaz claim that Glen Willows and Mooneyham were negligent because they did not provide enough security to prevent the assault. This type of claim is exactly what the insurance company intended to exclude in its policy. Because the claims of inadequate security are connected to the prevention of assault by the insured, it is excluded, and the insurer has no duty to defend.

In addition, the policy excludes "bodily injury ... arising out of ... the negligent employment ... investigation ... supervision ... training ... [or] retention of a person for whom the insured is or ever was legally responsible." Cabrera and Diaz claim Glen Willows and Mooneyham negligently hired, supervised, and trained its security guards. These claims are excluded by the terms of the policy. Cabrera and Diaz also claim that Glen Willows negligently investigated other criminal acts in the community that might have lead to the assault. Glen Willows' negligence in failing to investigate other assaults is also expressly excluded.

3. *Conclusion.*

Because the facts pleaded by Cabrera and Diaz clearly describe events that are excluded from the policy's coverage, Century Surety Company has no duty to defend or indemnify Glen Willows, Inc., or Becky Mooneyham in the underlying suit. Because the insurer has no duty to defend, Glen Willows' and Mooneyham's counterclaim for bad faith denial of coverage must necessarily fail.