CENTURY SURETY COMPANY v CHARRON

Docket No. 199523. Submitted March 3, 1998, at Detroit. Decided May 26, 1998, at 9:05 A.M.

Century Surety Company brought an action in the Oakland Circuit Court against Joan Charron, next friend of Jane Doe, an incompetent person; Hawk Security & Investigations, Inc.; and Hawkeye Security, Inc., seeking a declaration that it did not have a duty under a general liability insurance policy covering Hawk and Hawkeye to defend or indemnify them against an action brought by Charron. Hawk and Hawkeye had provided security at a public housing complex where the incompetent person resided and was raped by an intruder. In her action, Charron had alleged that Hawk and Hawkeye were negligent in failing to remove or monitor nonresidents not lawfully on the premises. The court, Robert L. Templin, J., granted summary disposition for Century, ruling that a policy exclusion applied to preclude coverage. Charron appealed.

The Court of Appeals *held*:

The exclusion at issue in part provides that "insurance does not apply to 'bodily injury' or 'property damage' arising out of: (a) the actual or threatened assault or battery or the failure to suppress or prevent such action by the insured or by anyone else for whom the insured is legally responsible . . . ."

Properly construed, the exclusion precludes coverage when bodily injury arises out of an actual or threatened assault or battery committed by the insured or by anyone else for whom the insured is legally responsible or when, as alleged in this case, bodily injury arises out of the failure of the insured, or one for whom the insured is responsible, to suppress or prevent an actual or threatened assault or battery committed by someone else.

Affirmed.

1. INSURANCE — POLICIES — JUDICIAL CONSTRUCTION.

A court, when construing an insurance policy, reads it as a whole and gives meaning to all the terms in the policy; language in the policy is given its plain and ordinary meaning to avoid technical and strained constructions; where policy language is clear and unambiguous, it is enforced as written.

2. Insurance — Policies — Exclusions — Judicial Construction.

>An exclusionary clause in an insurance policy is strictly construed in favor of the insured; coverage under the policy is lost if the exclusion applies to the insured's particular claim; a clear and specific exclusion must be given effect because the insurance company cannot be liable for a risk it did not assume.

*Highland & Zanetti, P.C.* (by *John N. Highland*), for the plaintiff.

*Welch, MacAlpine, Bahorski, Bieglecki & Farrell, P.C.* (by *Timothy A. Bahorski*), for the defendant.

Before: Gribbs, P.J., and Cavanagh and Saad, JJ.

Per Curiam. Defendant Joan Charron, as next friend of Jane Doe,[1] an incompetent person, appeals as of right the trial court order granting plaintiff Century Surety Company's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Jane Doe resided in a public housing complex in Pontiac. Hawk Security and Investigations, Inc., (Hawk) and Hawkeye Security, Inc., (Hawkeye) provided security services on the premises. Kelvin Bell entered the building in which Doe's apartment was located, forced his way into the apartment, and raped her. As next friend of Doe, defendant filed suit against Hawk and Hawkeye, alleging that they were negligent in failing to either remove or monitor nonresidents who entered the building and were not lawfully on the premises.[2]

Plaintiff, Hawk and Hawkeye's general liability insurer, assumed Hawk and Hawkeye's defense while

---

[1] Because of this Court's policy against revealing the identities of rape victims, Jane Doe's real name is not being used in this opinion.

[2] Defendant also filed suit against Bell, the city of Pontiac, the Pontiac Housing Commission, and the commission's manager, Patricia Williams.

reserving its rights. After examining the policy, plaintiff denied coverage. Plaintiff then filed this action, seeking a declaration that it did not have a duty to defend or indemnify Hawk and Hawkeye in connection with the Bell incident.

Among the bases for plaintiff's assertion that coverage was precluded was the following exclusion in the policy:

> 1. This insurance does not apply to "bodily injury" or "property damage" arising out of:
>
> (a) the actual or threatened assault or battery or the failure to suppress or prevent such action by the insured or by anyone else for whom the insured is legally responsible, or
>
> (b) the negligent:
>
> (i) employment;
>
> (ii) investigation;
>
> (iii) supervision;
>
> (iv) training;
>
> (v) retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

Both plaintiff and defendant filed motions for summary disposition. Following oral argument, the trial court granted plaintiff's motion for summary disposition. The court construed the above exclusion as excluding coverage when the insured or one for whom it was responsible threatened or committed the assault or battery and when the insured or anyone for whom the insured was responsible failed to suppress or prevent an assault or battery threatened or committed by another. The order incorporating this decision was entered on November 8, 1996. Thereafter,

defendant dismissed the underlying action without prejudice.

On appeal, defendant argues that the trial court erred in granting plaintiff's motion for summary disposition. On appeal, an order granting or denying summary disposition is reviewed de novo. A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Giving the benefit of reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Mahaffey v Attorney General*, 222 Mich App 325, 340; 564 NW2d 104 (1997).

An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566-567; 489 NW2d 431 (1992). When determining what the parties' agreement is, the court should read the contract as a whole and give meaning to all the terms contained the policy. The court must give the language contained in the policy its plain and ordinary meaning so that technical and strained constructions are avoided. *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). If an insurance contract sets forth definitions, the policy language must be interpreted according to those definitions. *Cavalier Mfg Co v Employers Ins of Wausau (On Remand)*, 222 Mich App 89, 94; 564 NW2d 68 (1997). Where the language of an insurance policy is clear and unambiguous, it

must be enforced as written. Courts must be careful not to read an ambiguity into a policy where none exists. *Moore v First Security Casualty Co*, 224 Mich App 370, 375; 568 NW2d 841 (1997).

Exclusionary clauses in insurance policies are strictly construed in favor of the insured. Coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claims. Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume. *Churchman, supra* at 567; *Frankenmuth Mut Ins Co v Masters*, 225 Mich App 51, 62; 570 NW2d 134 (1997).

On appeal, defendant argues that the trial court erred in finding that the above exclusion applied. Defendant contends that the exclusion does not apply to the failure to prevent an assault and battery, without regard to who committed it. Rather, defendant contends, the exclusion is relevant only to the failure to prevent an assault and battery by the insured or by anyone else for whom the insured is legally responsible. Under defendant's interpretation of the exclusion, subsection b defines the scope of the phrase "legally responsible" as used in subsection a and thus limits "anyone else for whom the insured is legally responsible" to assailants whom the insured employed, investigated, supervised, trained, or retained.

We do not find defendant's interpretation of the exclusion persuasive. Subsections a and b are phrased in the disjunctive. Coverage is excluded if the injury arose out of the circumstances described in subsection a *or* if the injury arose out of the circumstances described in subsection b. Therefore, subsection a stands independently of subsection b. Moreo-

ver, the policy defines the insured as the corporation named in the declaration, its executive officers and directors with respect to their duties as officers and directors, its stockholders with respect to their liability as stockholders, and its employees for acts within the scope of their employment. If the phrase "anyone else for whom the insured is legally responsible" were interpreted as referring to an employee of the insured, the entire phrase would be redundant or mere surplusage because, under the policy, an employee *is* the insured.

Defendant also asserts that subsection a excludes coverage when the bodily injury arises out of (1) an actual or threatened assault or battery committed by the insured or by anyone else for whom the insured is legally responsible, or (2) the failure to suppress or prevent an actual or threatened assault or battery committed by the insured or by anyone else for whom the insured is legally responsible. Therefore, defendant maintains, because the sexual assault in the instant case was committed by Bell, a person with no connection to Hawk or Hawkeye, the exclusion does not apply.

We conclude that defendant's interpretation is flawed because it does not indicate who has the obligation to suppress or prevent the assault or battery committed by the insured or by one for whom the insured is responsible. If it is the insured, then the policy excludes coverage when the insured fails to stop itself or one for whom it is responsible from committing the offense. However, that is the same as saying that the insured or one for whom it is responsible committed the offense, and because that is already part of the exclusion, defendant's proposed

interpretation is redundant. If it is a third person who is obligated to suppress or prevent the assault or battery, then the insurer is specifically declining to provide coverage to someone other than the insured. However, the insurer does not have any obligation to provide coverage to third persons and thus had no reason to specify under what conditions it would not provide such coverage.

Plaintiff contends that subsection a excludes coverage when the bodily injury arises out of (1) an actual or threatened assault or battery committed by the insured or by anyone else for whom the insured is legally responsible, or (2) the failure of the insured or one for whom the insured is responsible to suppress or prevent an actual or threatened assault or battery committed by someone else. We agree. This construction comports with the policy language, which refers to the commission of an assault or battery *or* the failure to suppress or prevent such action, and then follows both by the phrase "by the insured or by anyone else for whom the insured is legally responsible," making that phrase applicable to both antecedents. Thus, coverage is precluded if the insured or the one for whom it is responsible commits the offense *or* fails to suppress or prevent the offense.

We note that most other courts construing identical policy language have reached the same conclusion. See *Century Surety Co v Glen Willows, Inc*, 924 F Supp 76 (SD Tex, 1996), aff'd 100 F3d 952 (CA 5, 1996); *Kabanuk Diversified Investments, Inc v Credit General Ins Co*, 553 NW2d 65 (Minn App, 1996); *Dick v Stein & Pitcher*, No L-96-303, 1997 WL 256664 (Ohio App, May 16, 1997); *Vasquez v Campos*, No L-96-064, 1996 WL 612438 (Ohio App, October 25,

1996). The lone exception occurred in *Lock v Oney's Pub*, No 15577, 1996 WL 648357 (Ohio App, November 8, 1996). The *Lock* court read the provision as excluding coverage only when the insured or one for whom it was responsible committed the assault or battery or when the insured failed to prevent itself or one for whom it was responsible from committing an assault or battery. However, because such a reading makes the provision redundant, as discussed above, we reject the *Lock* court's reasoning.

In sum, the exclusion at issue provides that the insurance does not apply to an assault or battery based on "the failure to prevent such action by the insured." The entire suit against Hawk and Hawkeye is premised on the failure of Hawk and Hawkeye to prevent Bell's sexual assault on Doe. Accordingly, under the plain language of the insurance policy, coverage is precluded. The trial court therefore did not err in granting plaintiff's motion for summary disposition.

Affirmed.