BROWN v FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN

Docket Nos. 271520, 271521. Submitted January 9, 2007, at Detroit.
Decided January 18, 2007, at 9:05 a.m.

Nancy Brown brought a declaratory action in the Macomb Circuit
Court after Farm Bureau General Insurance Company of Michi-
gan refused to defend or indemnify her under a homeowner's
insurance policy when she was sued for injuries resulting from
an accident caused by her son's operation of a rented forklift on
her property. The injured party, Joseph Burlingame III, and
NationsRent, which rented the forklift, intervened as plaintiffs.
The trial court, Donald G. Miller, J., granted Farm Bureau's
motion for summary disposition, ruling that coverage for Bur-
lingame's injuries was excluded under the terms of the policy.
Burlingame and NationsRent appealed, and the Court of Ap-
peals consolidated their appeals.

The Court of Appeals *held*:

The trial court properly granted summary disposition to Farm
Bureau because the policy expressly excluded coverage for injuries
caused by all "motorized land conveyances," which the policy did
not define but which plainly means any form of motorized trans-
portation, particularly in light of the modifier "all." Persuasive
authority from other jurisdictions indicates that forklifts have
been held to be "motorized land conveyances" under similar
exclusions, and the characteristics of the particular forklift at issue
confirm that it is a "motorized land conveyance" under the
commonly understood meaning of the phrase. The specific refer-
ence to mopeds and trailers does not limit the meaning of the term
"all other motorized land conveyances" under the doctrine of
*ejusdem generis* because the general phrase precedes the more
specific terms. The fact that forklifts are excluded from a statutory
definition of "motor vehicle" is irrelevant, because the forklift is
excluded from coverage not because it is a motor vehicle but
because it is a "motorized land conveyance," which encompasses a
broader range of vehicles.

Affirmed.

INSURANCE — EXCLUSIONS — MOTORIZED LAND CONVEYANCES — FORKLIFTS.

A forklift is a motorized land conveyance for purposes of a liability insurance policy provision that excludes coverage for injury or damage arising out of the ownership, maintenance, or use of a motorized land conveyance.

*Vandeveer Garzia, P.C.* (by *Hal O. Carroll, William L. Kiriazis*, and *Anthony J. Kostello*), for NationsRent.

*James N. McNally* for Joseph Burlingame III.

*G. W. Caravas & Associates, P.C.* (by *Gary W. Caravas*), for Farm Bureau General Insurance Company of Michigan.

Before: SAAD, P.J., and CAVANAGH and SCHUETTE, JJ.

SAAD, P.J. Plaintiff, Nancy Brown, filed this declaratory action to determine whether defendant, Farm Bureau General Insurance Company of Michigan, was obligated to defend and indemnify her under a homeowner's insurance policy in an underlying action brought by Joseph Burlingame III, who was severely injured in a forklift accident on plaintiff's property. In these consolidated appeals, intervening plaintiffs NationsRent and Burlingame each appeal the trial court's order that granted Farm Bureau's motion for summary disposition and denied NationsRent's cross-motion for summary disposition. We affirm.

I. FACTS

While living in Macomb County, plaintiff rented a forklift from NationsRent to move materials for a new barn on her property in Sanilac County. Plaintiff's son, Jason Brown, operated the forklift, with the assistance of Burlingame. After the materials were moved, Jason and Burlingame continued to operate the forklift on the

property until it became stuck in mud. While he attempted to free the forklift from the mud, Jason lowered the forklift boom onto Burlingame. Burlingame sustained severe injuries and was paralyzed. He filed a lawsuit against plaintiff, Jason Brown, and NationsRent.

Plaintiff filed this declaratory action after Farm Bureau refused to defend and indemnify her in the underlying action brought by Burlingame, and the trial court permitted NationsRent and Burlingame to intervene. The trial court ruled that coverage for Burlingame's injuries is excluded under the terms of the policy and granted Farm Bureau's motion for summary disposition.

## II. ANALYSIS

This Court reviews de novo a trial court's summary disposition decision. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). Though the trial court did not state the subrule under which it granted summary disposition, it is clear that it granted Farm Bureau's motion under MCR 2.116(C)(10), because it considered evidence outside the parties' pleadings. A motion under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence. MCR 2.116(G)(5). Summary disposition should be granted if, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson,* 212 Mich App 45, 48; 536 NW2d 834 (1995). We also review de novo an issue involving the proper interpretation of an insurance contract. *Allstate Ins Co v McCarn (After*

*Remand),* 471 Mich 283, 288; 683 NW2d 656 (2004); *Allstate Ins Co v JJM,* 254 Mich App 418, 421; 657 NW2d 181 (2002).

The Farm Bureau policy contains the following exclusion:

**1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others** do not apply to:

\* \* \*

f. **bodily injury** or **property damage** arising out of:

(1) the ownership, maintenance, use, loading, or unloading of motor vehicles or all other *motorized land conveyances*, including mopeds and trailers[.] [Emphasis added.]

It is undisputed that Burlingame's injuries arose from the use of a forklift. The controlling issue is whether the forklift constitutes a "motorized land conveyance" within the meaning of Farm Bureau's policy.

In *Century Surety Co v Charron,* 230 Mich App 79, 83; 583 NW2d 486 (1998), this Court summarized the guidelines for the interpretation of exclusionary clauses:

Exclusionary clauses in insurance policies are strictly construed in favor of the insured. Coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claims. Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume.

When reviewing an exclusionary clause, this Court must read the policy as a whole to effectuate the overall intent of the parties. *Pacific Employers Ins Co v Michigan Mut Ins Co,* 452 Mich 218, 224; 549 NW2d 872 (1996). If the language is clear and unambiguous, the insurance policy must be enforced as written. *Century Surety Co, supra* at 82-83.

Defendant's policy does not define the term "conveyance." Accordingly, we give the word its "commonly understood meaning." *Twichel v MIC Gen Ins Corp,* 469 Mich 524, 534; 676 NW2d 616 (2004). This can be accomplished by referring to its dictionary definition. *Id. Random House Webster's College Dictionary* (1997) defines "conveyance" as follows: "1. the act of conveying. 2. a means of transporting, [especially] a vehicle. 3. a. the transfer of property from one person to another. b. the document accomplishing this." Under these definitions, the plain meaning of the term "motorized land conveyance" includes any form of motorized transportation. Moreover, in the policy, the term "motorized land conveyances" is preceded by the phrase "all other," which indicates Farm Bureau's intent to broaden the scope of the term. See *Paquin v Harnischfeger Corp,* 113 Mich App 43, 50; 317 NW2d 279 (1982); *Pritts v J I Case Co,* 108 Mich App 22, 30; 310 NW2d 261 (1981) (there can be no broader classification than the word "all," which leaves no room for exceptions).

Though this Court has not specifically addressed this precise definitional issue, other jurisdictions have held that, under similar exclusions, forklifts are "motorized land conveyances." See *Olson v United States Fidelity & Guaranty Co,* 549 NW2d 199, 200-202 (SD, 1996), and *Daus v Marble,* 270 NJ Super 241, 250-251; 636 A2d 1091, 1096-1097 (1994). Also, NationsRent's argument that the phrase "motorized land conveyances" does not encompass equipment has been rejected by other courts. See *Varda v Acuity,* 284 Wis 2d 552, 561-565; 702 NW2d 65, 70-71 (Wis App, 2005); *Gracey v Heritage Mut Ins Co,* 518 NW2d 372, 374 (Iowa, 1994) (riding lawn mowers are "motorized land conveyances").

We agree with the reasoning in *Daus, supra* at 251, in which the Superior Court of New Jersey explained:

It is clear to us from the commonly accepted definitions of forklift that it is a motorized land conveyance under the terms of the insurance contract. The forklift is a motorized means of transporting cargo, while at the same time transporting the forklift operator. We find no difficulty in concluding that the average policy holder should expect that a motorized vehicle designed to transport cargo driven by a human operator would be considered a motorized land conveyance.

We also find persuasive the analysis of the Supreme Court of South Dakota in *Olson, supra* at 201-202, in which the court concluded that a forklift is a motorized land conveyance:

First, the forklift is motorized. It has a gasoline or diesel engine and a six-speed automatic transmission. It is equipped with four-wheel drive, outboard industrial disc brakes, and a steering wheel. A mechanical arm attached to the forklift can raise and place objects up to thirty-five feet above the ground. Second, the forklift is designed for use on land. . . . Finally, the forklift is clearly a conveyance or vehicle. Conveyance denotes "a means of carrying or transporting something (as persons or passengers): VEHICLE." *Gracey,* [*supra*] at 374 [citing Webster's Third New International Dictionary 499 (1993)].

Similarly, we hold that the disputed forklift, a "Gradall Motorized Sky Tracker," is a motorized land conveyance. It is designed to move materials from one point to another. It operates with a diesel engine and is equipped with a seat belt. It operates in both forward and reverse directions, and it can reach a speed of up to 19.5 miles an hour. It has multiple steering functions, brakes, and two mirrors. The forklift also has four-wheel drive, making it capable of traversing construction sites. It is equipped with a horn and roll-over protection, and can hold 38 gallons of fuel. It is also designed to carry the operator. Clearly, under the commonly understood

meaning of the phrase, a forklift is a motorized land conveyance.

NationsRent asserts that, because the exclusion states that it applies to "all other motorized land conveyances, *including mopeds and trailers*," it should be narrowly interpreted under the doctrine of *ejusdem generis*. "Under the statutory construction doctrine known as ejusdem generis, where a general term follows a series of specific terms, the general term is interpreted 'to include only things of the same kind, class, character, or nature as those specifically enumerated.' " *Neal v Wilkes*, 470 Mich 661, 669; 685 NW2d 648 (2004), quoting *Huggett v Dep't of Natural Resources*, 464 Mich 711, 718-719; 629 NW2d 915 (2001). Here, the exclusion lists "motor vehicles or all other motorized land conveyances, including mopeds and trailers." The general phrase "all other motorized land conveyances" *precedes* the more specific terms. Accordingly, the *ejusdem generis* doctrine does not apply to limit the meaning of the more general term "all other motorized land conveyances."

We also reject NationsRent's argument that the exclusion does not apply to forklifts because forklifts are specifically excluded from the definition of "motor vehicle" in the Michigan Vehicle Code. MCL 257.33. The forklift is excluded from coverage not because it is a motor vehicle, but because it is a "motorized land conveyance," which encompasses a broader range of motorized vehicles than those typically considered "motor vehicles."[1]

---

[1] Furthermore, there is no merit to NationsRent's argument that this exclusion does not apply because coverage for a forklift is generally not available under an automobile policy and the intent behind the exclusion is to eliminate coverage when coverage would be available under another policy. Under the plain language of the exclusion, it is immaterial whether other coverage is available.

For these reasons, the trial court properly concluded that coverage for Burlingame's injuries was excluded under the "motorized land conveyance" exclusion and, in its well-reasoned opinion, the court correctly granted summary disposition to Farm Bureau.[2]

Affirmed.

---

[2] In light of our decision, we need not address the remaining issues on appeal.