AUTO CLUB GROUP INSURANCE ASSOCIATION v
ANDRZEJEWSKI

Docket No. 297551. Submitted March 3, 2011, at Grand Rapids. Decided
    May 17, 2011, at 9:00 a.m.

    Auto Club Group Insurance Association brought an action in the
    Kent Circuit Court against Nicolas J. Andrzejewski, a minor, by his
    next friend, Darrell L. Andrzejewski; Darrell L. and Kristen
    Andrzejewski; Matthew Volk, a minor, by his next friend, Lori
    Volk; Lori Volk; and others, seeking a declaratory judgment
    regarding its obligations under a homeowner's insurance policy
    issued to Darrell and Kristen Andrzejewski that included liability
    insurance coverage. The declaratory judgment was sought as a
    result of an underlying tort action brought by Matthew Volk, by
    his next friend, Lori Volk, against Nicolas Andrzejewski and his
    parents, Darrell and Kristen Andrzejewski, seeking damages for
    injuries sustained by Mathew when he and Nicolas played against
    each other during a basketball game at a YMCA. As a result of the
    incident wherein Matthew was injured, delinquency proceedings
    were brought against Nicolas and, following the entry of a plea of
    nolo contendere, he had been adjudicated a delinquent. Auto Club
    sought summary disposition on the basis that the "intentional
    acts" exclusion and the "criminal acts" exclusion in the policy
    excluded liability coverage. The court, George S. Buth, J., granted
    summary disposition and entered a declaratory judgment in favor
    of Auto Club, holding that the actions of Nicolas were criminal in
    nature and intentional, as those terms were used in the insurance
    policy. The Andrzejewski defendants appealed.

        The Court of Appeals *held*:

        1. The criminal-acts exclusion precluded coverage for bodily
    injury or property damage resulting from (1) a criminal act or
    omission committed by anyone or (2) an act or omission, criminal
    in nature, committed by an insured person, even if the insured
    person lacked the mental capacity to appreciate the criminal
    nature or wrongfulness of the act or omission, or conform his or
    her conduct to the requirements of the law, or form the necessary
    intent under the law. The exclusion applied whether or not
    anyone, including the insured person, was charged with a crime,

was convicted of a crime by a court, jury, or plea of nolo contendere, or entered a plea of guilty, whether or not accepted by the court.

2. The criminal-acts exclusion precluded coverage because Nicolas committed an act criminal in nature. His intentional, nonconsensual contact with, and the resulting injury inflicted upon, Matthew satisfies the elements of the misdemeanor crimes of aggravated assault, MCL 750.81a(1), or assault and battery, MCL 750.81. Moreover, Nicolas admitted that he committed an intentional, unconsented, and harmful or offensive touching.

3. The activity underlying the juvenile adjudication was criminal in nature because it amounted to a violation of a criminal statute, even though the violation was resolved in a delinquency proceeding rather than a criminal proceeding.

Affirmed.

JUVENILE LAW — DELINQUENCY PROCEEDINGS — ACTS CRIMINAL IN NATURE.

A court must find that a juvenile has committed an act that, if committed by an adult, would violate any municipal ordinance or law of the state or of the United States in order for the juvenile to be adjudicated a delinquent; such an act is criminal in nature, even though the violation is resolved in delinquency proceedings rather than criminal proceedings (MCL 712A.2[a][1]).

*Cunningham Dalman, P.C.* (by *Kenneth B. Breese* and *Kenneth M. Horjus*), and *Gross & Nemeth, P.L.C.* (by *Mary T. Nemeth*), for Auto Club Group Insurance Association.

*Fisher & Dickinson P.C.* (by *Todd R. Dickinson*) for Darrell L., Kristen, and Nicolas J. Andrzejewski.

Before: GLEICHER, P.J., and WHITBECK and OWENS, JJ.

PER CURIAM. In this case involving personal injury insurance coverage, defendants Nicolas Andrzejewski and his parents, Darrell L. Andrzejewski and Kristen Andrzejewski, appeal as of right the trial court's grant of summary disposition under MCR 2.116(C)(10) in favor of plaintiff, Auto Club Group Insurance Association. We affirm.

Nicolas Andrzejewski was 13 years old at the time of the incident in which defendant Matthew Volk, also 13 years old, was injured. The injury occurred on March 28, 2008, during the course of a basketball game on "Teen Night" at the Grandville YMCA.

Nick and Matt were on opposing teams in a half-court game where the number of players on each team varied from four to seven per team and there was no restriction on substitutions. Matt and Nick guarded each other throughout the game. Matt claimed that Nick was "playing dirty" and that Nick had grabbed his shirt eight or ten times during the game. Matt also said that Nick grabbed his arm four or five times to take the ball away, elbowed him four or five times, threw the basketball hard at his chest twice, and unsuccessfully tried to trip him three to five times. Matt did not recall how he was injured. Nick claims that Matt pushed him in the back as he bent over to pick up a ball. Nick testified that he "got mad" and put Matt in a headlock. As Matt struggled to get out, he fell forward and hit his head on the ground. Matt's friends stated that Nick threw a punch at Matt. Matt's friends also stated that Nick then put Matt in a headlock, picked Matt up, and threw Matt onto the gym floor. After Matt's head hit the floor, he began to have a seizure.

Matt was taken by ambulance to the emergency room. He suffered an acute head injury with associated seizures, two hematomas on his head, soft-tissue injuries, a bruised or fractured iliac crest of his hip bone, photophobia, and postconcussion syndrome.

As a result of this incident, the prosecutor filed a delinquency petition requesting the Kent Circuit Court, Family Division, to take temporary custody of Nick, as a juvenile who violated Michigan's aggravated-assault statute, MCL 750.81a(1). Jurisdiction was subsequently

transferred to Ottawa County, where Nick and his family lived at the time. A plea of nolo contendere was entered for Nick and the referee entered a juvenile adjudication and disposition, ordering that Nick be made a temporary ward of the court, be placed in the Ottawa County Juvenile Detention Center for 10 to 14 days, and serve 56 hours of community service.

In 2009, Matt, by his next friend, Lori Volk, his mother, filed suit against Nick and his parents (hereafter defendants).[1] The complaint alleged that Nick was overly aggressive and acted intentionally, recklessly, carelessly, negligently, unlawfully, and maliciously toward Matt. Defendants were insured under a homeowner's insurance policy issued by plaintiff, which included liability insurance coverage.

Plaintiff is currently defending the underlying tort action brought by Matt and his mother against defendants under a reservation of rights set forth in a letter dated August 24, 2009. Plaintiff's reservation-of-rights letter set forth three separate grounds for denying coverage for the claims asserted against defendants: (1) there was no "occurrence" as defined in the policy; (2) the "intentional acts" exclusion set forth in ¶ 5 of the exclusions under part II, liability coverage was applicable; and (3) the "criminal acts" exclusion set forth in ¶ 10 of the exclusions under part II, liability coverage was applicable.

Plaintiff brought the present action seeking a declaratory judgment regarding its obligations under the policy and filed a motion for summary disposition. The circuit court granted the motion, finding that Nick's

---

[1] Matthew Volk and his mother also brought suit against the YMCA of Greater Grand Rapids and Mark Ellermets (the father of one of Nick's friends, who drove Nick to the game). However, the YMCA and Ellermets are not parties to this appeal.

actions were criminal in nature and intentional, as those terms were used within the insurance policy. The circuit court subsequently entered a declaratory judgment. Defendants now appeal, arguing that the trial court erred and that Nick's actions were not criminal in nature or intentional. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo on appeal. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). This Court reviews the motion by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. Summary disposition is properly granted only if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue regarding a material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The guidelines for enforcing exclusionary clauses are summarized in *Century Surety Co v Charron*, 230 Mich App 79, 83; 583 NW2d 486 (1998):

> Exclusionary clauses in insurance policies are strictly construed in favor of the insured. Coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claims. Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume.

When reviewing an exclusionary clause, this Court must read the contract as a whole to effectuate the overall intent of the parties. *Pacific Employers Ins Co v Mich Mut Ins Co*, 452 Mich 218, 224; 549 NW2d 872 (1996). Where the language is clear and unambiguous,

the insurance policy must be enforced as written. *Century Surety Co*, 230 Mich App at 82-83.

The policy states (bold in original):

> **We** will pay damages for which an **insured person** is legally liable because of bodily injury . . . caused by an occurrence covered by this Policy.
>
> **We** will defend any suit with lawyers of our choice or settle any claim for these damages as **we** think appropriate. **We** will not defend or settle: any suit unless it arises from an **occurrence** covered by this Policy . . . .

"Occurrence" is defined in the Auto Club policy as follows:

> 1. **Occurrence** means an **accident**, including injurious exposure to conditions, which results, during the policy term, in **bodily injury** or **property damage**.
>
> 2. **Accident** means a fortuitous event or chance happening that is neither reasonably anticipated nor reasonably foreseen from the standpoint of both any **insured person** and any person suffering injury or damages as a result.

The pertinent exclusions provided as follows:

> BODILY INJURY AND PROPERTY DAMAGE NOT COVERED
>
> Under Part II, we will not cover:
>
> \* \* \*
>
> 5. **bodily injury** or **property damage** resulting from an act or omission by an **insured person** which is intended or could reasonably be expected to cause **bodily injury** or **property damage**. This exclusion applies even if the **bodily injury** or **property damage** is different from, or greater than, that which is expected or intended.
>
> \* \* \*

10. **bodily injury** or **property damage** resulting from:

a. a criminal act or omission committed by anyone; or

b. an act or omission, criminal in nature, committed by an **insured person** even if the **insured person** lacked the mental capacity to:

(1) appreciate the criminal nature or wrongfulness of the act or omission; or

(2) conform his or her conduct to the requirements of the law; or

(3) form the necessary intent under the law.

This exclusion will apply whether or not anyone, including the **insured person**:

a. is charged with a crime;

b. is convicted of a crime whether by a court, jury or plea of nolo contendere; or

c. enters a plea of guilty whether or not accepted by the court[.]

We find that plaintiff's criminal-acts exclusion precludes coverage because Nick committed "an act . . . criminal in nature," i.e., his intentional, nonconsensual contact with, and the resulting injury inflicted upon, Matt satisfies the elements of the misdemeanor crimes of aggravated assault, MCL 750.81a(1), or assault and battery, MCL 750.81. Moreover, by Nick's own admission, he committed an intentional, unconsented, and harmful or offensive touching.

To the extent that defendants rely on the Michigan Supreme Court's decision in *Allstate Ins Co v McCarn (After Remand)*, 471 Mich 283; 683 NW2d 656 (2004), we find their argument without merit. In that case, the Supreme Court was interpreting an insurance contract provision that stated: " 'We do not cover any bodily injury or property damage intended by, or which may

reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person.' " *Id.* at 289. Under the particular language of the *McCarn* contract, that exclusion applied when the bodily injury or property damage was intended or occurred as a reasonable expectation of *intentional or criminal acts or omissions.* Unlike the language in *McCarn* that combined the two types of conduct into one paragraph, the contract language at issue here lays out distinct exclusions, including a separate paragraph for "intentional acts" as opposed to "criminal acts." Thus, the *McCarn* decision's two-pronged test based on the language of that particular joint exclusion does not apply in this case. Contrary to defendants' contentions, there is no requirement here that a criminal act be "intended or . . . reasonably . . . expected to cause bodily injury or property damage." To be excluded under the "criminal acts" exclusion, the bodily injury or property damage need only result from "a criminal act or omission" or "an act or omission, criminal in nature, committed by an insured person[.]" And further, the exclusion applies whether the insured person "is charged with a crime"; "is convicted of a crime whether by a court, jury or plea of nolo contendre"; or "enters a plea of guilty whether or not accepted by the court[.]" We conclude that the exclusion clearly applies, by its own terms, regardless of the actor's intent or expectations.

Defendants argue that Nick's actions cannot be considered "criminal in nature" because "the proceedings against Nick under the Juvenile Code were not criminal proceedings." We agree that the proceeding against Nick was a delinquency, rather than a criminal, proceeding. MCL 712A.1(2) provides that "[e]xcept as otherwise provided [not applicable here], proceedings under this chapter are not criminal proceedings." However, for a juvenile to be adjudicated a delinquent, the

court must find that "the juvenile has violated any municipal ordinance or law of the state or of the United States," MCL 712A.2(a)(1), such as the Michigan law against aggravated assault. The court in such a case must find that the juvenile committed an act that, if committed by an adult, would constitute the crime of aggravated assault. That act must, therefore, necessarily be in the nature of a crime, or "criminal in nature." As stated by (now Chief) Justice YOUNG in his concurrence in *People v Luckett*, 485 Mich 1076, 1076-1077 (2010), "the activity underlying a juvenile adjudication is criminal in nature because it amounts to a violation of a criminal statute, even though that violation is not resolved in a 'criminal proceeding.' " Therefore, this argument is without merit.

Affirmed.

GLEICHER, P.J., and WHITBECK and OWENS, JJ., concurred.