# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU MUTUAL INSURANCE,

        Plaintiff-Appellee,

v

MICHELLE WAGNER and JAMES WAGNER,

        Defendants-Appellants,

and

CONOR LEWIS and GREG LEWIS,

        Defendants.

UNPUBLISHED
November 17, 2015

No. 322738
Kalamazoo Circuit Court
LC No. 2013-000424-CK

Before: MARKEY, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants Michelle Wagner and James Wagner appeal by right the trial court's order granting plaintiff Farm Bureau Mutual Insurance's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On May 17, 2010, defendant Conor Lewis was working as a delivery driver for a Pizza Hut restaurant in Kalamazoo, Michigan. He drove a Mazda owned by his father and insured by plaintiff. While delivering pizzas in the Mazda, Conor hit the rear of Michelle's automobile while she was stopped and waiting to turn left. On April 17, 2013, Michelle and her husband James filed suit against Conor, his father Greg Lewis, and Pizza Hut for damages resulting from the accident.[1] Pursuant to his No-Fault policy, Greg argued that plaintiff was obliged to defend him against claims and indemnify him for damages arising from the May 17, 2010 accident. On September 11, 2013, plaintiff filed a complaint against Conor, Greg, Michelle, James, and Pizza Hut requesting declaratory relief that, pursuant to the insurance policy, it was not obligated to defend or indemnify anyone with regard to the accident. Specifically, plaintiff argued that the

---

[1] This suit was filed in the Kalamazoo Circuit Court (Docket No. 2013-0219-NI).

following provision in the policy exempted it from liability because Conor was delivering pizzas for Pizza Hut when the accident occurred:

### E. Exclusions

1. We do not provide Liability Coverage for any Insured:

* * *

f. for liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. Reimbursement of reasonable mileage expenses incurred by the **Insured** is not considered a fee.

Plaintiff dismissed Pizza Hut after the restaurant agreed to withdraw its claim against plaintiff for indemnification and defense. On May 15, 2014, plaintiff moved the trial court for summary disposition. In response, Greg and Conor conceded that although they could not reasonably argue that Conor was not delivering pizza for Pizza Hut at the time of the accident, they argued that the exclusionary provision was ambiguous on various grounds and, therefore, inapplicable. Likewise, Michelle and James argued that the provision was ambiguous and inapplicable. The trial court held that the provision was not ambiguous and that there was no genuine issue of the material fact that Conor was delivering pizzas at the time of the accident. The trial court further held that the provision applied to exempt plaintiff from liability and the duty to defendant and granted plaintiff's motion. Michelle and James appeal by right.

MCL 500.2118(2)(f) "specifically permits insurers to limit insurance coverage on the basis of business use." *Husted v Dobbs*, 459 Mich 500, 506; 591 NW2d 642 (1999). Indeed, coverage under an insurance policy is lost if any exclusion in the policy applies to particular claims. *Century Surety Co v Charron*, 230 Mich App 79, 83; 583 NW2d 486 (1998). Furthermore, because an insurance company cannot be liable for a risk it did not assume, clear and specific exclusions must be given effect. *Id*.

In this case, the contract is not ambiguous. The parties do not dispute that Greg owned the policy at issue at the time of the collision on May 17, 2010, that the policy listed Conor as a driver, that the Mazda automobile involved in the May 17, 2010 accident was insured under this policy at the time of the accident, or that Conor was driving the Mazda when the accident occurred. Michelle and James do not dispute that the trial court correctly held that there was no question of material fact that Conor was delivering pizzas pursuant to his employment with Pizza Hut when the accident occurred. Indeed, the evidence shows that the trial court properly held there was no question of material fact in that regard. Michelle stated that after striking her automobile, Conor apologized to her and told her he "looked down to see if I was supposed to turn on this road because I was delivering pizza for someone." Conor testified that he was a delivery driver for Pizza Hut. Conor's supervisor at Pizza Hut, Patrick Truckley, testified to this as well. Pizza Hut's timesheets for May 17, 2010, show that Conor worked there from 10:44 a.m. until 5:21 p.m. that day, and evidence indicates that the accident occurred between 10:30 a.m. and 11:00 a.m. Conor was paid an hourly wage for delivering pizzas as well as $1.50 for each delivery to compensate him for mileage and fuel.

In *Amerisure Ins Co v Graff Chevrolet, Inc*, 257 Mich App 585, 592-595; 669 NW2d 304 (2003), rev'd in part on other grounds 469 Mich 1003 (2004), this Court held that the exclusionary provision in an automobile rental agreement—which this Court likened to an insurance contract—encompassed delivering pizzas for a wage. The exclusion read: "The Customer agrees that said Automobile shall not be used or operated: . . . . To carry passengers or property for a consideration, express or implied." We conclude that there is no material distinction between the provision in *Graff* and the provision at issue in this case. Although the provision here uses the word "fee" as opposed to the word "consideration" in *Graff*, we do not believe the there is a substantive difference from the provision in *Graff* because according each provision its plain and ordinary meaning, *Mich Nat Bank v Laskowski*, 228 Mich App 710, 714; 580 NW2d 8 (1998), results in the understanding that being paid a wage for delivering pizza is encompassed in both. Because plaintiff was carrying property for a fee at the time of the accident and because the policy excluded from coverage damage arising from a vehicle used to carry property for a fee, plaintiff cannot be held liable for the risk it did not assume. *Graff*, 257 Mich App at 597; *Charron*, 230 Mich App at 83.

As noted already, the at issue exclusionary provision was lawful and not against public policy. *Husted*, 459 Mich at 506. Moreover, the exclusion is "clear, unambiguous and not in contravention of public policy;" consequently, it must be enforced as written. *Raska v Farm Bureau Mut Ins Co of Mich*, 412 Mich 355, 361-362; 314 NW2d 440 (1982). So, plaintiff was not obligated to provide coverage arising from the accident, and under the terms of the policy plaintiff had "no duty to defend any **suit** or settle any claim for **bodily injury** or **property damage** not covered under this policy[.]" Furthermore, plaintiff had no duty to defend or settle the claims in the underlying suit. Thus, as there is no question of fact that under this provision, plaintiff was not liable to indemnify or defend defendant, the trial court properly granted plaintiff's motion for summary disposition on this basis.

Michelle and James nevertheless argue that the exclusion does not apply or that it is ambiguous. They claim that because Pizza Hut reimbursed Conor $1.50 for each delivery, the exclusionary provision of the policy does not apply. But their argument ignores the fact that Pizza Hut both reimbursed Conor for each pizza delivery and paid him an hourly wage. Although it is true that Truckley testified that Pizza Hut's delivery drivers did preparation work, washed dishes, and answered telephones in addition to delivering pizzas, he also testified that the duty of a delivery driver was "[f]irst and foremost . . . to take deliveries to the customer." The fact that Conor performed duties as an employee of Pizza Hut other than delivering pizzas does not negate the fact that he was paid a wage to deliver pizzas, and it did not render the exclusionary provision inapplicable. See *Graff*, 257 Mich App at 595-596.

Michelle and James also argue that because Conor was not licensed under the Motor Carrier Act (MCA), MCL 475.1 *et seq.*, he was not engaged in the business of transportation; therefore, the exclusionary provision in the policy did not apply to him. Based on this premise, they further argue that transportation was merely incidental to Pizza Hut's business and, therefore, Conor was not carrying property for a fee when he delivered pizzas, and the exclusionary provision does not apply. The MCA confers "upon the [Michigan public service] commission the power and authority and to make it its duty to supervise and regulate the transportation of property by motor vehicle for hire upon and over the public highways of this state . . . ." MCL 475.2. Although it is true that the MCA requires licensing in various

circumstances, see MCL 476.1; MCL 477.1, we find no provision of the MCA suggesting that any aspect of it applies to these circumstances. And, even assuming it does, nothing supports that it should or could be applied to aid in construing the exclusionary provision at issue. Because Michelle and James cite no authority to the contrary, they have abandoned this argument. *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). To restate, because the exclusion is clear, unambiguous, and lawful, it must be enforced as written. *Husted*, 459 Mich at 506; *Raska*, 412 Mich 355, 361-362. Whether the MCA applied to Conor's use of the vehicle in the accident is of no relevance to whether the exclusionary provision in the policy at issue applies to the accident on May 17, 2010.

Michelle and James also argue that the trial court erred in applying *Graff* because the provision at issue in *Graff* did not concern reimbursement, whereas the provision in this case does concern reimbursement. And, they argue that *Graff* was inapplicable because the provision in *Graff* was in an automobile rental agreement, whereas the agreement here is an insurance policy. These arguments fail. These distinctions between *Gaff* and this case do not render *Graff* inapplicable. As discussed, the reimbursement passage in the exclusionary provision does not apply here because Pizza Hut paid Conor a wage to deliver pizzas apart from the $1.50 he was given for each delivery as reimbursement for mileage and fuel. Because Conor was paid a wage to deliver pizzas, this case and *Graff* are not distinguishable. See *Graff*, 257 Mich App at 595-596. Furthermore, although the provision at issue in *Graff* was contained within a rental agreement, this Court interpreted that provision as it would interpret an insurance policy, and the principle of applying the clear and unambiguous terms of the agreement is the same.

Next, Michelle and James argue that the trial court erred in failing to apply *Powers v Detroit Auto Inter-Ins Exch*, 427 Mich 602, 623-624; 398 NW2d 411 (1986), when construing the exclusionary provision. This opinion in not precedential, however, because a majority of justices did not sign the lead opinion. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 58; 664 NW2d 776 (2003). Our Supreme Court has explicitly overruled the doctrine of reasonable expectations that the *Powers* plurality applied, *Wilkie*, 469 Mich at 63, and repudiated altogether the *Powers* plurality opinion in *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 555-566; 596 NW2d 915 (1999). Therefore, the trial court did not err in not applying *Powers*.

Finally, Michelle and James cite various cases in support of their argument that the exclusionary provision was ambiguous, but we conclude that none of these cases applies to this case to render the provision ambiguous. In addition, Michelle and James's arguments are merely repetitions of the arguments addressed already regarding the reimbursement clause and the MCA, both of which we have determined to be without merit.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Amy Ronayne Krause