# STATE OF MICHIGAN

# COURT OF APPEALS

CINCINNATI INSURANCE COMPANY,

        Plaintiff-Appellant,

v

THOMAS KAEDING II,

        Defendant-Appellee,

and

SONDRA MALCOLM,

        Defendant.

UNPUBLISHED
July 20, 2017

No. 332559
Washtenaw Circuit Court
LC No. 14-001073-CK

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Cincinnati Insurance Company, appeals by right the trial court's order granting final judgment in favor of defendant, Thomas Kaeding, II. We affirm.

This case arises out of an insurance claim relating to significant water damage to defendant's home in Ann Arbor, Michigan. While defendant was living in Ohio, the water line separated from the wall in an upstairs bathroom in his Ann Arbor home causing a significant amount of water to flow into his home for 27 days.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10) arguing that no coverage was available for defendant's loss based on the following exclusion in the insurance policy:

1. "We" do not insure "physical loss" caused by:

* * *

h. Constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insured"

-1-

and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.[1]

In response, defendant filed a cross-motion for summary disposition arguing that the term "leakage" did not encompass the nature of the loss or damage in this case.

The trial court stated that the use of "seepage" and "leakage" in the same phrase as "condensation, humidity, moisture or vapor" supported defendant's position. In addition, the trial court was also persuaded that defendant's position was correct because the exclusion stated that the "leakage" must occur over a period of weeks, months, or years. According to the trial court, "seepage" and "leakage" were more akin to a slow release of a small amount of water consistent with "humidity, moisture and vapor." According to the trial court, weeks, months, or years were the periods of time that it would take for a small discharge of water to cause damage.

Furthermore, the trial court stated that reading the exclusion as a whole, it appeared that plaintiff intended to exclude coverage for damage caused by neglect, failure to maintain, failure to be present in the home, and failure to occupy the home. Because plaintiff did not assert another exclusion to deny coverage, the trial court held that plaintiff was not entitled to summary disposition. Ultimately, the trial court concluded that defendant was entitled to coverage, and the trial court granted summary disposition in favor of defendant.

Plaintiff's sole argument on appeal is that the trial court erred in finding that the exclusion did not apply to defendant's loss. We disagree.

This Court reviews the trial court's decision regarding summary disposition de novo. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 426; 670 NW2d 651 (2003). In addition, this Court reviews de novo "the proper interpretation of a contract, which is a question of law." *Id*.

When reviewing a motion under MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). This Court reviews the record evidence and all reasonable inferences drawn from it to decide whether a genuine issue regarding any material fact warrants a trial. *Id*. A genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997). But a court may not "assess credibility" or "determine facts on a motion for summary judgment." *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994).

An insurance contract must be read as a whole and construed to give effect to every word, clause, and phrase. *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). The contract, including its exclusions, must be enforced according to its terms. *Mich Battery Equip, Inc v Emcasco Ins Co*, 317 Mich App 282, 284; 892 NW2d 456 (2016). "Clear

---

[1] The quotation marks represent terms defined by the insurance policy.

and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume." *Century Sur Co v Charron*, 230 Mich App 79, 83; 583 NW2d 486 (1998). But, exclusionary clauses are strictly construed in favor of the insured. *Id.*

It is undisputed that the insurance policy does not define the term "leakage." If a term of a contract is not defined, it must read in accordance with its commonly used meaning. *Terrien v Zwit*, 467 Mich 56, 76; 648 NW2d 602 (2002). We conclude that the commonly used meaning of "leak" refers to a gradual or low volume water event. In addition, looking at the exclusion as a whole supports this conclusion. For the exclusion to apply, the "leakage" or "seepage" is required to be "constant" or "repeated" "over a period of weeks, months or years." This time requirement of weeks, months, or years is necessary for a low volume gradual water "leakage" or "seepage" to cause significant damage to a home. As the trial court found, the terms of the exclusion demonstrate plaintiff's intent to avoid coverage for losses that are caused by a homeowner's neglect, failure to maintain, and failure to occupy a home.

This does not describe what occurred in defendant's home. The amount of water that was released into defendant's home would have caused significant damage within hours or days because the separated pipe essentially caused flooding. Consequently, we agree that the trial court was correct in finding that the exclusion did not apply to defendant's loss in this case. Therefore, the trial court did not err in denying plaintiff's motion for summary disposition and in granting defendant's motion for summary disposition. *Baker*, 215 Mich App at 202.

We affirm. As the prevailing party, defendant may tax cost pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra