# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

WILLIAM COX,

       Plaintiff,

and

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, PC, doing business as METRO
PAIN CLINIC,

       Intervening Plaintiff-Appellant,

and

CITY XPRESS, LLC, and MAXIMUM REHAB
PHYSICAL THERAPY, LLC,

       Intervening Plaintiffs,

and

TOTAL HEALTH REHAB, LLC,

       Intervening Plaintiff Cross-
       Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellee/Cross-
       Appellee.

UNPUBLISHED
June 14, 2018

No. 336326
Wayne Circuit Court
LC No. 15-002187-NI

WILLIAM COX,

       Plaintiff-Appellant,

and

-1-

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, PC, doing business as METRO
PAIN CLINIC, CITY XPRESS, LLC,
MAXIMUM REHAB PHYSICAL THERAPY,
LLC, and TOTAL HEALTH REHAB, LLC,

        Intervening Plaintiffs,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee.

No. 336353
Wayne Circuit Court
LC No. 15-002187-NI

WILLIAM COX,

        Plaintiff,

and

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, PC, doing business as METRO
PAIN CLINIC, MAXIMUM REHAB PHYSICAL
THERAPY, LLC, and TOTAL HEALTH REHAB,
LLC,

        Intervening Plaintiffs,

and

CITY XPRESS, LLC,

        Intervening Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee.

No. 336356
Wayne Circuit Court
LC No. 15-002187-NI

Before:  SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

These appeals arise from the same lower court file involving first-party no-fault claims asserted by the allegedly injured person as well as numerous intervening medical providers.  In Docket No. 336326, intervening plaintiff, Michigan Institute of Pain and Headache, PC (MIPH), appeals as of right an order granting summary disposition in favor of defendant, Farm Bureau Mutual Insurance Company of Michigan, pursuant to MCR 2.116(C)(10), and a cross-appeal from the same order was filed by intervening plaintiff, Total Health Rehab, LLC (Total Health).  In Docket No. 336353, plaintiff, William Cox, appeals as of right the same order.  In Docket No. 336356, intervening plaintiff, City Xpress, LLC (City Xpress), appeals as of right the same order.  The appeals were consolidated.  *Cox v Farm Bureau Mut Ins Co of Mich*, unpublished order of the Court of Appeals, entered February 8, 2017 (Docket Nos. 336326, 336353, 336356).  We affirm in part (on alternative grounds), reverse in part, and remand for further proceedings consistent with this opinion.

This case arises out of a motor vehicle accident that occurred on July 3, 2014, in which plaintiff claims to have been injured.  Plaintiff filed this action against defendant, his no-fault insurer, seeking the payment of personal injury protection benefits.  The medical providers intervened seeking to recover from defendant the amounts owed to them for providing services to plaintiff.  Defendant sought summary disposition on the ground that plaintiff committed fraud in various ways, including that, even though his doctor had indicated that plaintiff was disabled from driving, plaintiff used a rental car during July of 2014 and drove to and from Baldwin, Michigan on July 26 and 27 of 2014.  After initially denying defendant's request for summary disposition on the basis of plaintiff's alleged fraud, the trial court granted defendant's motion for reconsideration and then granted summary disposition to defendant pursuant to MCR 2.116(C)(10) on the ground that plaintiff committed fraud.  These appeals followed.

Plaintiff and the intervening medical providers argue on appeal that the trial court erred in granting summary disposition to defendant pursuant to MCR 2.116(C)(10) on the basis of plaintiff's purported fraud because a genuine issue of material fact exists concerning whether plaintiff engaged in fraud.  We agree.  However, with respect to the claims of the medical providers, defendant is entitled to summary disposition pursuant to MCR 2.116(C)(8) because the medical providers lack a statutory cause of action under *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017).  The medical providers shall be afforded an opportunity on remand to amend their complaints to assert claims under an assignment of benefits theory.

Defendant's argument that the medical providers are unable to pursue their claims in light of *Covenant* was not raised below (given that *Covenant* had not been issued yet), but that does not preclude review.  This Court has "rejected preservation arguments relating to *Covenant* and exercised our discretion to review *Covenant* arguments that were not raised before, addressed and decided by, the trial court." *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336088); slip op at 2.

-3-

Specifically, we have recognized that a defense of "failure to state a claim on which relief can be granted" cannot be waived, we have emphasized our discretion to consider unpreserved questions of law, and we have acknowledged that, with regard to cases pending when *Covenant* was decided, a defendant should not be faulted for failing to challenge a healthcare provider's statutory right to bring a claim because pre-*Covenant* caselaw would have rendered any such arguments futile. [*Id*. at 2-3, citing *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 173-174; 909 NW2d 38 (2017), lv pending.]

We will therefore consider the question of law posed by defendant's *Covenant* argument. See *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 3.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). The trial court granted summary disposition to defendant under MCR 2.116(C)(10) on the fraud issue.

> In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016) (quotation marks and citations omitted).]

With respect to the *Covenant* issue raised by defendant regarding the claims of the medical providers, review is proper under MCR 2.116(C)(8). See *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 2. Although defendant moved for summary disposition under MCR 2.116(C)(10), a party's failure to cite the correct subrule is not fatal if the record supports review under the proper subrule. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 517; 847 NW2d 657 (2014). Also, affirmance of summary disposition for defendant on the basis of *Covenant* with respect to the medical providers' claims is not precluded merely because the trial court granted summary disposition to defendant on other grounds. "When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning." *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).

> Summary disposition is proper under MCR 2.116(C)(8) if the nonmoving party "has failed to state a claim on which relief can be granted." Such claims must be so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. In reviewing the outcome of a motion under MCR 2.116(C)(8), we consider the pleadings alone. We accept the factual allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. [*Kuznar v Raksha Corp*, 481 Mich 169, 176; 750 NW2d 121 (2008) (some quotations marks and citations omitted).]

-4-

A trial court's decision regarding a motion for reconsideration is reviewed for an abuse of discretion. *St John Macomb-Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*.

The interpretation of an insurance policy presents a question of law that is reviewed de novo. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010). "Because insurance policies are contractual agreements, they are subject to the same rules of contract interpretation that apply to contracts in general." *Sherman-Nadiv v Farm Bureau Gen Ins Co of Mich*, 282 Mich App 75, 78; 761 NW2d 872 (2008). Unambiguous language must be enforced as written. *Century Surety Co v Charron*, 230 Mich App 79, 82-83; 583 NW2d 486 (1998). A court must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

We agree with defendant's argument that the intervening medical providers' claims are barred by *Covenant*. Therefore, summary disposition in favor of defendant with respect to the medical providers' claims is proper under MCR 2.116(C)(8).

In *Covenant*, 500 Mich at 195-196, 217-218, our Supreme Court held that healthcare providers lack an independent statutory cause of action against no-fault insurers to recover personal injury protection benefits. The holding in *Covenant* applies retroactively to cases that were pending on direct appeal when *Covenant* was decided. *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 2, citing *W A Foote Mem Hosp*, 321 Mich App at 196. The present case was pending on direct appeal when *Covenant* was decided. Hence, the holding in *Covenant* is applicable, and the intervening medical providers in this case lack an independent statutory claim against defendant. Defendant is thus entitled to summary disposition pursuant to MCR 2.116(C)(8) with respect to the intervening medical providers' claims because the intervening medical providers have no independent statutory cause of action against defendant. See *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 2.

On remand, however, the intervening medical providers shall be afforded an opportunity to amend their complaints to assert claims premised on an assignment of benefits theory. In *Covenant*, 500 Mich at 217 n 40, our Supreme Court recognized that an insured may "assign his or her right to past or presently due benefits to a healthcare provider." Therefore, in holding that a defendant was entitled to summary disposition under *Covenant*, this Court has allowed a healthcare provider to file a motion to amend its complaint to assert a claim under an assignment of benefits theory. See *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 3, citing *W A Foote Mem Hosp*, 321 Mich App at 196. Such an opportunity should be afforded here because *Covenant* had not yet been issued when this case was litigated below and the intervening medical providers thus were unaware that they did not possess an independent statutory cause of action. Defendant argues that such an opportunity should not be afforded because the insurance policy in this case precludes an assignment of benefits without defendant's consent and because any claim premised on an assignment of benefits theory would be barred by the one-year-back rule of MCL 500.3145(1). It is premature to address those issues because they have not yet been litigated below. It is unknown at this time whether any assignment of benefits has occurred or will be asserted by the intervening medical providers as a theory of liability against defendant. If they

do assert claims under an assignment of benefits theory, the intervening medical providers should at least have an opportunity on remand to present any arguments concerning the applicability or enforceability of the policy provision that defendant claims bars such an assignment without its consent and concerning the applicability of the one-year-back rule in this situation.[1]  Accordingly, the intervening medical providers on remand shall be allowed to amend their complaints to assert an assignment of benefits theory.

Next, we agree with plaintiff and the intervening medical providers that the trial court erred in granting summary disposition to defendant pursuant to MCR 2.116(C)(10) because a genuine issue of material fact exists concerning whether plaintiff engaged in fraud.  The no-fault policy issued by defendant to plaintiff contained the following provision:

> C. Fraud or Concealment
>
> The entire policy will be void if, whether before or after a loss, you, any family member, or any insured under this policy has:
>
> 1. intentionally concealed or misrepresented any material fact or circumstance;
>
> 2. engaged in fraudulent conduct; or
>
> 3. made false statements;
>
> relating to this insurance or to a loss to which this insurance applies.

This Court has explicated the elements for establishing fraud in this context as follows:

> To void a policy because the insured has willfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it.  A statement is material if it is reasonably relevant to

---

[1] This Court has recently held that an anti-assignment clause in a no-fault policy is unenforceable to prohibit an assignment that occurred after the loss or the accrual of the claim to payment "because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 9, citing *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880), and *Rory v Continental Ins Co*, 473 Mich 457, 469-471; 703 NW2d 23 (2005).  See also *Jawad A Shah, MD, PC*, ___ Mich App at ___; slip op at 10-12 (discussing the application of the one-year-back rule in this context).  Because the application of the one-year-back rule has not yet been litigated below, it is not discussed further.

the insurer's investigation of a claim. [*Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424-425; 864 NW2d 609 (2014) (citation omitted).]

If the fraud exclusion bars plaintiff from recovering benefits, then it also bars recovery by the intervening medical providers because they stand in plaintiff's shoes in this case. See *id*. at 424 ("Because intervening plaintiffs stood in the shoes of the named insured, if plaintiff cannot recover benefits, neither can intervening plaintiffs."). Further, this Court has explained:

> Reliance on an exclusionary clause in an insurance policy is an affirmative defense; therefore, [the insurer] has the burden of proof. An insurance company has the burden to prove that one of the policy's exclusions applies. Thus, to obtain summary disposition, the insurer must show that there is no question of material fact as to any of the elements of its affirmative defense. [*Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017) (quotation marks and citation omitted).]

When fraud is asserted as an affirmative defense, the defendant must demonstrate fraud by a preponderance of the evidence. See *Stein v Home-Owners Ins Co*, 303 Mich App 382, 387-391; 843 NW2d 780 (2013); *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 685; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997).

In granting summary disposition to defendant on the fraud issue, the trial court stated:

> Well the Plaintiff here is making a claim, No. 1 he's getting, the insurance company is paying for him to have a rental car for the month of July.
>
> Then at the same time he's making claims for a replacement service, somebody to drive him around and he's up north driving around in the rental car.
>
> So that's enough fraud under [*Bahri*], the motion is granted.

The trial court's reasoning is flawed. The fact that plaintiff obtained rental car coverage on his policy and used that coverage after his accident does not establish that he committed fraud by claiming replacement services that included driving services during that time period. Whether plaintiff was disabled had nothing to do with his use of his rental car coverage. Further, the fact that plaintiff drove to Baldwin on July 26, 2017, to sign a lease for an apartment, and then drove back to his apartment in Farmington Hills the next day, while also claiming replacement services were performed by Chris Ridgell on those dates, including driving services by Ridgell on July 27, 2017, does not establish fraud *as a matter of law*.

On July 24, 2014, plaintiff's physician, Dr. Nazih Iskander, signed a disability certificate indicating that plaintiff needed household or replacement services and attendant care and that he was disabled from driving, all for the period of July 24, 2014 through August 24, 2014. The fact that plaintiff drove during a period in which his doctor instructed him not to drive could mean that plaintiff was not disabled or as injured as he claimed to be, or it could mean that plaintiff simply disobeyed his doctor's instruction not to drive because he wanted to sign the apartment lease in Baldwin and had no one else to drive him there. It is also reasonable to infer that

plaintiff could have needed replacement services on the same dates that he drove to and from Baldwin because plaintiff was not in Baldwin for the entire day on either of those dates, Ridgell could have performed some services while plaintiff was not present, and plaintiff could have experienced greater pain or exhaustion after returning home from a long drive on July 27, 2017.[2] A reasonable trier of fact could infer that plaintiff was engaging in fraud, but for the reasons stated, a reasonable inference also exists that plaintiff did not engage in fraud. "The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes" when deciding whether to grant summary disposition pursuant to MCR 2.116(C)(10). *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013).

Defendant also suggests that City Xpress engaged in fraud because it submitted an invoice for transporting plaintiff to Dr. Iskander's office on July 23, 2014, but plaintiff's first appointment with Dr. Iskander was on July 24, 2014. Defendant apparently infers that plaintiff's first appointment with Dr. Iskander was on July 24, 2014, because that was the date on which Dr. Iskander signed the first disability certificate. Even assuming that plaintiff did not see Dr. Iskander until July 24, 2014, defendant has not demonstrated as a matter of law that City Xpress committed fraud; the evidence on this record does not rule out innocent explanations for why City Xpress has submitted an invoice for transporting plaintiff to Dr. Iskander's office on July 23, 2014, such as that plaintiff had to go the office to fill out forms or that he had an appointment

---

[2] Indeed, those are the very explanations given by plaintiff and Ridgell in their November 23, 2016 affidavits attached to plaintiff's motion for reconsideration. Moreover, in his deposition, the transcript of which is attached to MIPH's motion for reconsideration, defendant's adjuster, Lawrence Clark, acknowledged that a person's pain could subside for part of a day if the person was on pain medication and that Clark himself has disobeyed a doctor's order. Clark also recognized that an insured may use various means of transportation to a medical appointment regardless of whether the insured is disabled. Clark further acknowledged that the disability certificate could be interpreted as meaning that plaintiff should not drive or that it is recommended that he not drive so as not to aggravate his injuries, rather than that he is physically unable to drive. We do not rely on the affidavits of plaintiff and Ridgell or the deposition of Clark in analyzing this issue because those items were not submitted until plaintiff and MIPH moved for reconsideration and thus were not before the trial court when it granted summary disposition to defendant. This Court may "only consider what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Road Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003); see also *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013) (noting that "appellate review of the trial court's decision is limited to the evidence that had been presented at the time the motion was decided."); *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 474 n 6; 776 NW2d 398 (2009) (declining to consider on appeal evidence that was first presented in support of a motion for reconsideration). Rather than rely on these documents, we have simply reasoned from the evidence presented at the time of the trial court's decision on the summary disposition motion that defendant, who has the burden of proof on the fraud defense, *Shelton*, 318 Mich App at 657, has failed to demonstrate that there is no genuine issue of material fact concerning whether plaintiff engaged in fraud.

that was rescheduled. Defendant fails to address these possible explanations or to establish that there is no genuine issue of material fact on the issue of fraud.

Defendant further suggests that plaintiff's purchase of a Yukon Denali in September 2014 demonstrates fraud as a matter of law because City Xpress claims to have provided medical transportation to plaintiff from July 23, 2014, through November 28, 2014. According to defendant, plaintiff's use of the rental car in July 2014 and his purchase of the Denali demonstrate that he did not need medical transportation. Plaintiff testified that he has not yet driven the Denali; rather, his mother and Ridgell used the vehicle to take plaintiff to his appointments. Defendant fails to address the possibility that plaintiff sometimes used medical transportation companies such as City Xpress to attend his medical appointments and at other times was driven to appointments by his mother or Ridgell.[3] A genuine issue of material fact exists regarding whether plaintiff committed fraud on this point.

On appeal, defendant does not appear to rely on plaintiff's purported fraud in submitting a claim for damage to the rental vehicle arising from an alleged hail storm on July 27, 2014, nor did the trial court cite this as a reason for granting summary disposition to defendant. In any event, the evidence submitted in connection with the summary disposition motion does not establish as a matter of law that defendant engaged in fraud with respect to the damage to the rental vehicle. Although defendant attached to its summary disposition motion defendant's letters indicating that it had prospectively canceled plaintiff's no-fault policy effective on October 6, 2014, on the ground that plaintiff had engaged in fraud with respect to the claim that a hail storm had caused the damage to the rented vehicle, defendant did not attach any report or documentation regarding its investigator's conclusion that the damage to the rental vehicle was mechanically induced rather than caused by hail. Plaintiff testified in his deposition that he encountered a hail storm on his way back from Baldwin on July 27, 2014, and the hail storm "messed the rental [car] up . . . ." At the very least, a genuine issue of material fact exists concerning whether the rental vehicle was damaged by a hail storm as plaintiff claims or whether the claim of damage arising from a hail storm was instead fraudulent.

Accordingly, a genuine issue of material fact exists concerning whether plaintiff engaged in fraud. The trial court thus erred in granting summary disposition to defendant under MCR 2.116(C)(10).

Plaintiff and the intervening medical providers also argue that the trial court erred in granting defendant's motion for reconsideration of the trial court's earlier order denying defendant's motion for summary disposition on the basis of fraud. MCR 2.119(F)(3) provides:

---

[3] The replacement service forms completed by Ridgell refer to driving services on various dates without specifying the place to which Ridgell drove plaintiff on each date; it is thus not possible from the existing record to determine whether Ridgell purported to have driven plaintiff to the same medical appointments to which City Xpress claimed in its invoices to have driven plaintiff. The existing record thus does not demonstrate fraud on this point as a matter of law.

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The language of the above court rule plainly indicates that the trial court's discretion is not restricted by the criteria set forth in the rule. As this Court has explained, MCR 2.119(F)(3) "does not categorically prevent a trial court from revisiting an issue even when the motion for reconsideration presents the same issues already ruled on; in fact, it allows considerable discretion to correct mistakes." *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). See also *Mich Bank-Midwest v D J Reynaert, Inc*, 165 Mich App 630, 646; 419 NW2d 439 (1988) ("The court rule does not prevent a court's exercise of discretion on when to give a party a 'second chance' on a motion it has previously denied."). Here, the trial court's decision to revisit its prior summary disposition determination did not fall outside the range of reasonable and principled outcomes, but as discussed, the trial court's ultimate determination on reconsideration that defendant was entitled to summary disposition under MCR 2.116(C)(10) was nonetheless erroneous. In other words, it was not unreasonable or unprincipled for the trial court to grant reconsideration, but its ultimate decision on the summary disposition motion was erroneous for the reasons explained above.

Affirmed in part (on alternative grounds), reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood